UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ABELARDO G GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-46 |
| | § | |
| I TAYLOR, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING WITHOUT PREJUDICE FIRST MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Abelardo Gonzalez's claim against Defendant I Taylor was transferred to the Corpus Christi Division for resolution because this Defendant was employed at the McConnell Unit in Beeville, Texas, when the events occurred giving rise to Plaintiff's complaint (D.E. 9). Plaintiff was granted leave to proceed *in forma pauperis* (D.E. 8), and is scheduled for an evidentiary hearing on February 5, 2015, at 2:30 p.m. (D.E. 14). Plaintiff claims that he was denied access to the courts because Defendant's actions prevented him from timely filing an appeal of the denial of his Section 2254 Petition to the Fifth Circuit Court of Appeals (D.E. 1, 2). Pending is Plaintiff's motion for appointment of counsel (D.E. 5).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*,

26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. According to plaintiff, Defendant prevented him from filing a timely notice of appeal.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent, and he understands his claim. At this early stage of the case, plaintiff is in a position to adequately investigate and present his case.

**The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.** *Id.* **Examination of this factor is premature because the case has not yet been set for trial. The case has not even been screened pursuant to 28 U.S.C. § 1915.**

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to

award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 5) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 4th day of February, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE