UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ABELARDO G GONZALEZ, § § Plaintiff, § VS. § I TAYLOR, § § Defendant. § | § § § CIVIL ACTION NO. 2:15-CV-46 § § § § |

ABELARDO G GONZALEZ, §
§
    Plaintiff, §
VS.     §    CIVIL ACTION NO. 2:15-CV-46
§
I TAYLOR, §
§
    Defendant. §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims against Defendant I. Taylor be dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). On January 15, 2010, he was sentenced to thirty (30) years imprisonment on three counts of aggravated robbery and three counts of engaging in an organized criminal activity in Cause No. 2008 CR 000665 D1 in Webb County, Texas. He is currently confined at the Terrell Unit in Rosharon, Texas.

On November 14, 2014, Plaintiff filed his original complaint in the United States District Court for the Southern District of Texas, Galveston Division, and named as Defendants the following three individuals employed at the Carol Young Medical Facility (CYMF) located in Dickinson, Texas: (1) Anna Sarabia, a correctional officer who works at the CYMF library; (2) Cheryl Gauteir, a clerk in the CYMF mailroom; and Martha L. Burgess, a CYMF assistant warden. (D.E. 1, p. 3). In addition, Plaintiff named as a Defendant Officer I. Taylor, a correctional officer in charge of inmate property and employed at the McConnell Unit in Beeville, Texas.

On January 12, 2015, Judge Hoyt severed and transferred Plaintiff's claim against Officer Taylor to this Court, (D.E. 9), and on January 30, 2015, the case name was changed to reflect Officer Taylor as the single Defendant. (D.E. 13).

A *Spears*[1] hearing was conducted on February 5, 2015.

On February 9, 2015, Plaintiff filed an "Advisory" stating that he had not received a copy of Judge Hoyt's transfer order and seeking a copy of that order. (D.E. 16).

On February 24, 2015, Plaintiff filed his first amended complaint and memorandum in support against Officer Taylor. (D.E. 17).

On April 8, 2015, a second *Spears* hearing was conducted. The following representations were made in Plaintiff's original complaint (D.E. 1), at the February 5, and April 8, 2015 hearings, or in his amended complaint (D.E. 17) and memorandum (D.E. 18):

Plaintiff arrived at the McConnell Unit in June 2012.

*Plaintiff's habeas corpus petition.*

On December 12, 2012, Plaintiff filed a federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and a memorandum of law in support thereof challenging his convictions out of Webb County in Cause No 5:12-cv-191, styled *Gonzalez v. Thaler,* in the United States District Court for the Southern District of Texas, Laredo Division. (*See* Cause No. 5:12-cv-191, D.E. 1, D.E. 2). On April 26, 2013, the Respondent filed a motion for summary judgment, and on April 30, 2013, the state court records were filed. (*Id.,* D.E. 1316, 17, 18, 19). On May 9, 2013, Plaintiff filed a motion for extension of time to file a "traverse" to Respondent's motion for summary judgment, and on June 3, 2013, Plaintiff filed his Response/Traverse (*id.,* D.E. 23), and on June 20, 2013, Plaintiff

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

filed a supplement thereto. (*Id.,* D.E. 24). On July 25, 2013, Plaintiff filed a motion for an evidentiary hearing. (*Id.,* D.E. 25). Also on July 25, 2013, Plaintiff filed a reply to Respondent's May 3, 2013 Advisory. (*Id.,* D.E. 26).

On December 19, 2013, Magistrate Judge Guillermo Garcia filed a 30-page Report and Recommendation on the merits of Plaintiff's habeas corpus petition and recommended that it be denied, finding that Plaintiff's Fourth Amendment claims were barred from federal habeas corpus review, he failed to raise a valid sufficiency of the evidence argument, his accomplice argument was without merit, he failed to state a *Brady* violation, the trial court followed proper procedure in dismissing a juror, there was no prosecutorial misconduct, and Plaintiff did not receive ineffective assistance of counsel. (D.E. 5:12-cv-193, D.E. 39). On December 20, 2013, Plaintiff was given an extension of time to file objections to the Report and Recommendation. (*Id.,* D.E. 41). On February 26, and March 7, 2014, Plaintiff filed objections. (*Id.,* D.E. 45, 46). On March 18, 2014, the District Court adopted the recommendation, denied Plaintiff's § 2254 petition, and entered final judgment dismissing his habeas corpus petition. (*Id.,* D.E. 247, 48).

On April 18, 2014, Plaintiff filed his notice of appeal. (D.E. 5:12-cv-193, D.E. 50). On July 31, 2014, the Fifth Circuit dismissed the appeal as untimely noting that, to be timely, Plaintiff's *pro se* notice of appeal needed to be dated no later than April 17, 2014, and his was dated April 18, 2014, and file-stamped April 28, 2014, such that it was untimely. *Id.,* D.E. 55.

*Instant claims against Officer I. Taylor.*

On November 21, 2013, Plaintiff was transferred off the McConnell Unit by ambulance to Hospital Galveston (HG) due to a sudden serious illness. (D.E. 18, p. 7). At the time he was transferred, an unidentified officer prepared an inventory of Plaintiff's property and gave the itemized property list to Defendant Taylor. Plaintiff never returned to the McConnell Unit.

At HG, Plaintiff's condition worsened, and he was diagnosed with Guillain-Barrè Syndrome. (D.E. 18, p. 7). On December 27, 2013, a tracheostomy was performed and a percutaneous endoscopic gastrostomy on December 30, 2013, but after losing the ability to use his hands, he asked a third party to notify the habeas court of his condition and to stay the proceedings. (Case No. 5:12-cv-193, D.E. 37). However, the habeas court "abused its discretion" and continued with the proceedings.

On February 12, 2014, Plaintiff was released from HG and sent to the CYMF. At that time, Plaintiff was still paralyzed from his neck down. Another inmate at the CYMF assisted Plaintiff with his habeas corpus petition; however, this inmate did not advise Judge Saldana of Plaintiff's medical condition and the fact that he might need additional time to file a notice of appeal. At the CYMF, Plaintiff received all of his legal mail. He had not received any while at Hospital Galveston. (D.E. 18. P. 7, 8).

Plaintiff then requested that he receive his "core" legal material from Officer Taylor that he had at the McConnell Unit. (D.E. 18, p. 8). Plaintiff needed the legal materials to make relevant objections to the Report and Recommendation of the magistrate judge concerning his federal habeas corpus petition. However, Officer Taylor

wrongfully sent Plaintiff's property to the law library at CYMF. This was not the correct place to send it, and it took some time and investigation to locate it. In addition, because he did not have his original legal materials, he got confused about when his notice of appeal was due. Officer Taylor violated TDCJ policy which provides inmates shall have access to their legal property daily.

### III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and

(3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

**IV.   DISCUSSISSION.**

Plaintiff is suing Officer Taylor alleging that he violated Plaintiff's constitutional rights by failing to ensure that his legal property was sent to him at the right destination following his release from HG, and that this oversight caused Plaintiff to miss appellate deadlines or otherwise suffer in his legal proceedings in violation of his First Amendment rights. Plaintiff claims he is suing Officer Taylor in his official and individual capacity for monetary damages and the reinstatement of his habeas corpus petition. (D.E. 17. P. 1, 4).

### A. Eleventh Amendment immunity and official capacity claims.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing Officer Taylor in his official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Officer Taylor in his official capacity be dismissed with prejudice as barred by the Eleventh Amendment.

### B. Denial of access to the courts.

Plaintiff alleges that Officer Taylor effectively denied him access to the courts by mistakenly sending his property to the CYMF law library.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).

The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff has failed to allege, let alone offer any evidence, to establish that he was prejudiced as a litigant in any nonfrivolous litigation *as a consequence of the actions of*

*Officer Taylor*. Indeed, the docket in Case no. 5:12-cv-193 shows that Plaintiff was able to file a response and a supplement to the State's motion for summary judgment, and that the magistrate judge considered Plaintiff's argument's when making his Report and Recommendation. (*See* Case no. 5:12-cv-193, D.E. 23, 24, 26, 39). Thereafter, Plaintiff was granted an extension of time to file objections to the recommendation and he filed two sets of objections. (*Id.,* 45, 46). The District Court considered all objections and adopted the recommendation and entered final judgment on March 18, 2014, over Plaintiff's objections. (*Id.,* 47, 48). Although Plaintiff complains that the District Court was not advised that Plaintiff was still ill and needed additional time to review his legal materials and supplement his objections, Plaintiff did not advise the District Court of his illness in his objections, and the failure of his inmate helper to do does not make Defendant Taylor liable for a violation of Plaintiff's Constitutional Right of Access to the Courts. Plaintiff has also failed to allege that he would have made any non-frivolous objections that would have changed the decision of the District Court.

Plaintiff states that, had he had his legal property, he would have been able to calculate the appellate deadline properly. However, it is too tenuous to attribute this mistake in Plaintiff's calculations to Officer Taylor's delivery of his property to the CYMF law library. Plaintiff admitted that there was a law library at CYMF. Not only is there no evidence that Officer Taylor sent Plaintiff's property to that destination with intent to cause Plaintiff prejudice in pending litigation, it is easily believable that Plaintiff simply miscalculated the thirty-day deadline, especially given the fact that he missed it by one day. Further, there is no reason to believe that Plaintiff's legal property from the

McConnell unit would have contained procedural or deadline information that he did not already know or have as a practicing litigant.

Plaintiff also complains that an inmate who was assisting him failed to advise the habeas corpus court of his medical status and impairments. Again, however, this allegation does not concern or implicate Officer Taylor. The fact that a volunteer inmate might not have done all the services Plaintiff requested of him fails to state a claim under section 1983 as the inmate is not a state actor.

Finally, Plaintiff claims that Officer Taylor violated TDCJ policy by not ensuring that he had his legal property daily. However, it is well-established that the violation of a TDCJ rule or regulation, without more, does not equate with a constitutional violation, and is not actionable. *Myers v. Klevenhagen,* 97 F.3d 91, 95 (5th Cir. 1996).

## V. CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's action against Officer Taylor in his official and individual capacities be dismissed with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully recommended this 24th day of April, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).