United States District Court
Southern District of Texas
**ENTERED**
January 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ABELARDO G GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-46 |
| § | |
| I TAYLOR, § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Abelardo G. Gonzalez, a Texas state prisoner, filed this 42 U.S.C. § 1983 civil rights action against Defendant I. Taylor (Taylor), a corrections officer in charge of inmate property at the McConnell Unit in Beeville, Texas, where Plaintiff was previously held. D.E. 17. According to Plaintiff, Taylor took possession of Plaintiff's legal materials when his medical emergency required his transfer to a hospital facility. This action is based on Taylor's alleged failure to timely forward the legal materials to Plaintiff at his correct new address. Plaintiff complains of a denial of his constitutional right of access to the courts, particularly with respect to a pending federal habeas corpus proceeding under 28 U.S.C. § 2254.

On April 24, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R; D.E. 24) recommending that Plaintiff's petition be dismissed in its entirety for failure to state cognizable § 1983 claims. More specifically, the M&R explains that Plaintiff's complaints against Taylor in his official capacity for monetary damages are barred by Eleventh Amendment immunity, a

conclusion Plaintiff does not challenge and expressly accepts, abandoning those claims. D.E. 39, p. 5 (item 11). With respect to Plaintiff's individual capacity claims against Taylor, the Magistrate Judge concluded that Plaintiff does not have standing to assert a claim because he has not alleged a qualifying personal injury fairly traceable to Taylor's alleged conduct.

Plaintiff filed three sets of objections to the M&R. D.E. 30; D.E. 34; D.E. 39. Many of his complaints address the technical accuracy of inconsequential factual issues or are global and conclusory indictments of the Magistrate Judge's motives or conclusions. Some address other orders in the case that are not germane to the disposition of the M&R, such as the decision to sever and transfer the action against Taylor, the denial of Petitioner's request for an attorney, and the denial of a transcript of the *Spears* hearings (which were available to him but which he says he could not afford).

Such issues have no bearing on the decision in this case regarding the viability of his complaint against Taylor and any objections other than those addressed herein are **OVERRULED** as failing to be specific, as moot, or as otherwise irrelevant to the decision. *See* Fed. R. Civ. P. 72(b) (requiring objections to be specific in addressing findings of fact or conclusions of law and permitting courts to decline to review improper objections). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

This Court is concerned only with those objections that could affect the specific facts and legal analysis related to the M&R's determination that Plaintiff has not stated a cognizable § 1983 claim because he has not pled a legal injury related to Taylor's conduct. Reading the objections liberally in favor of Plaintiff, the Court identifies the following relevant objections, each of which will be discussed in turn:

(1) The M&R fails to accurately identify the habeas case that he claims was prejudiced by Taylor's alleged conduct;

(2) The M&R improperly places blame for the Plaintiff's failure to obtain relief based on his illness on Plaintiff rather than on Taylor's withholding of Plaintiff's legal materials.

(3) The M&R does not address all of the TDCJ policies that he claims Taylor violated in depriving him of his legal materials;

(4) The M&R fails to recognize that Taylor was in possession of the legal materials and was responsible for their return, demonstrating that he caused the requisite injury; and

(5) The Magistrate Judge failed to give adequate notice of the *Spears* hearing and the connection was so bad that he could not fully prepare and articulate his claims.

## DISCUSSION

### 1. Improper Identification of the Legal Action Subject to Harm

Plaintiff objects to the M&R because the Magistrate Judge misstated Plaintiff's habeas case as Cause No. 5:12-CV-191 (D.E. 24, p. 3) instead of No. 5:12-CV-193 (D.E. 39, p. 3). The Court notes that, elsewhere in the M&R, the cause number is correctly cited (*e.g.*, D.E. 24, p. 10), and it is clear the misstated cause number is merely a clerical error. The body of the M&R addresses the correct alleged injury. Plaintiff's first objection is **OVERRULED.**

### 2. Harm Improperly Ascribed to Plaintiff's Unrelated Failures

Plaintiff objects to the Magistrate Judge's suggestion (at D.E. 24, p. 10) that he failed to prosecute his habeas claim by failing to provide adequate notice of his illness to the habeas judge. While Plaintiff did give the judge some notice in his Advisory filed on December 11, 2013 (D.E. 39, p. 4), the Magistrate Judge concluded that the notice was not sufficient to apprise the judge of a continuing medical inability to prosecute the claim.

As the Magistrate Judge correctly observed, Plaintiff was granted several extensions of time to file objections to the habeas magistrate judge's Report and Recommendation. While his first set of objections made it known that he was unable to make meaningful objections because of his illness, the second set of objections did not. Plaintiff's second set of objections was filed March 7, 2014—two weeks after the first set and nearly three months after the Advisory—and included much more comprehensive and detailed arguments.

Given those facts, it was reasonable for the habeas judge to conclude that she had given Plaintiff sufficient time to make meaningful objections. Plaintiff's failure to request additional time for any reason, assuming that he did need more time, is appropriately attributable to his own efforts in failing to seek remedies available to him. That said, the M&R's recommended disposition of this case is not based so much on Plaintiff's actions with respect to the habeas case but on Plaintiff's inability to place the blame for any loss of that case on any action attributable to Taylor. Accordingly, Plaintiff's second objection is **OVERRULED.**

### 3. Harm Related to Taylor's Alleged Violation of TDCJ Policies

Plaintiff reasserts his argument that he demonstrated actionable harm in the form of Taylor's alleged violation of TDCJ policies. More specifically, he complains that the Magistrate Judge erred by only considering one identified policy violation (ensuring daily access to legal property) and ignoring the TDCJ prohibition against separating offender property into multiple shipments. D.E. 34, pp. 6, 8. He also refers to multiple policies, but fatally fails to provide any specificity with respect to more than the two discussed above. Assuming that the identified TDCJ policies were violated, Plaintiff still fails to overcome the law that prevents an internal policy violation from being considered an automatic constitutional deprivation.

As the Magistrate Judge observed, it is well–established that the violation of a TDCJ rule or regulation, without more, is not a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996). Plaintiff has failed to identify any law to the contrary and has failed to demonstrate how the policy violations support a finding of a legal injury related to his constitutional access to courts complaint. Consequently, Plaintiff's third objection is **OVERRULED.**

### 4. Harm From Adverse Possession of Legal Materials.

Plaintiff objects to the M&R's no-harm conclusion by insisting he has shown Taylor "inventoried, and took sole possession, custody and complete control" of his property and, thus, should be personally responsible for his injury. D.E. 30, p. 4. But the problem of showing a deprivation of access to the courts is not a question of who took and kept the legal materials. The question, properly identified in the M&R, is whether

that inability to refer to his legal materials prevented Plaintiff from prosecuting his complaints. D.E. 24, p. 9 (citing *Lewis v. Casey,* 518 U.S. 343, 356 (1996)). Petitioner acknowledged the necessity of pleading this "connection between the alleged denial of access to legal mate[r]ial and the inability to pursue a legitimate challenge to a conviction" in his own objections. D.E. 34, p. 4 (citing *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)).

Plaintiff argues he suffered injury because he was "forever barred . . . from pursuing non frivolous [post-conviction] remedy." D.E. 34, p. 8. In particular, Plaintiff claims that he was unable to file "meaningful objections" to the Magistrate Judge's Report and Recommendation (R&R) recommending the denial of his habeas corpus petition. D.E. 30, p. 4; D.E. 34, p. 6. He also claims that he was deprived of his right to file post-judgment motions and an appeal because, without access to his legal materials, he did not know how to calculate his deadlines and subsequently missed the deadline by one day. D.E. 18, p. 10.

The Magistrate Judge recited that, in fact, Plaintiff was able to file two sets of objections to the R&R, which appear to have adequately expressed his concerns. At any rate, Plaintiff has failed to identify any particular objection that he would have made but was prevented from making because his legal materials were, at that time, missing. He has also failed to show why he failed to apprise the habeas court of notice of the deprivation of his legal materials and the effect it was allegedly having on his ability to object.

With respect to calculating his deadline to appeal, Petitioner admits in his first set of objections to this M&R that he had possession of the order he wanted to appeal and he miscalculated his deadline because he did not have access to legal books to research, not only because his own legal materials were missing, but because the law library in his then-current facility was unavailable to him because of his medical isolation or because it was in lockdown.  D.E. 30, pp. 8-9.  He was also in pain and on medication, which affected his mental capacities.  *Id*.  *See also*, D.E. 39, p. 6.  He further admits that he misunderstood the date of service of the order he sought to appeal.  D.E. 30, p. 9.  Plaintiff has failed to identify any particular item, exclusively available in his delayed legal materials (identified only as "legal books" on his property inventory), which would have provided the answer to how he needed to calculate his deadlines.

Thus Plaintiff has failed to allege sufficient facts, taken as true,[1] to make Taylor responsible for any omitted objections or missed deadlines.  Accordingly, Plaintiff's fourth objection is **OVERRULED**.

### 5. Inadequate Notice of, and Opportunity to Participate in, *Spears* Hearings

Plaintiff objects that he had inadequate notice (only 6 ½ hours) of the *Spears* hearing conducted on February 5, 2015, and that he had an inadequate telephonic connection for the *Spears* hearing conducted April 8, 2015.  A *Spears* hearing is not a constitutional right and any deprivation or disparity in conducting such a hearing is thus not a basis for relief under § 1983.  *Guzman v. Owens*, No. 2:13-CV-101, 2013 WL

---

[1] Petitioner addresses the law regarding the standard of review generally.  To the extent that he maintains that the M&R fails to accept his allegations as true for the purposes of the pending review, any objection is **OVERRULED**.

5918732, *2 (S.D. Tex. Oct. 2, 2013) *aff'd*, 579 F. App'x 293 (5th Cir. 2014).  *See also Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985) (hearing used simply to supplement and better understand a prisoner's written claims).

Importantly, Plaintiff has failed to state what information he would have imparted to the Magistrate Judge had he been given more notice and a better connection.  Without additional allegations related to Taylor's delay in returning Plaintiff's legal materials to him, this objection fails to state any reason to reject the Magistrate Judge's conclusion that Plaintiff has failed to state a cognizable claim against Taylor such that his complaint should be dismissed.  Plaintiff's objections relating to the *Spears* hearings are **OVERRULED.**

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 24), as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically and appropriately directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, this action is **DISMISSED.**  In the event that Plaintiff seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 5th day of January, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE